**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

STEVEN CALRDON,              )
                                )
           **Plaintiff,**    )
                                )
**vs.**                        )
                                )    **Case No. 26-cv-371-DWD**
**LT. PIPER,**          )
**LT. TOLIVER,**     )
**C/O BROWN,**      )
                                )
          **Defendants.** )

## <u>MEMORANDUM AND ORDER</u>

**DUGAN, District Judge:**

On March 30, 2026, the Court received Plaintiff's Complaint (Doc. 1), and it ordered him to pay the $405.00 filing fee or apply to proceed *in forma pauperis* (Doc. 3). On May 7, 2026, Plaintiff was notified that he still had an obligation to pay the fee or apply to proceed in forma pauperis, failing which this case would be dismissed for failure to prosecute.  (Doc. 4).  Plaintiff has not responded to these Orders and has not filed anything since filing the complaint.  It appears that Plaintiff has simply abandoned this case, given his lack of communication with the Court.  If a Plaintiff abandons a case or fails to follow a Court order, the case may be subject to dismissal.  Fed. R. Civ. P. 41(b); *James v. McDonald's Corp.*, 417 F.3d 672, 681 (7th Cir. 2005) (under Rule 41(b) a court has authority to dismiss an action for failure to prosecute if a party does not provide a timely response to a court order).

Given that Plaintiff has abandoned this case, the Court now dismisses this matter for failure to prosecute.  This matter is dismissed with prejudice for Plaintiff's failure to prosecute, however, this dismissal does not count as a strike under 28 U.S.C. § 1915(g). The Clerk is also **DIRECTED** to enter judgment and to **CLOSE** this case.

Furthermore, despite the dismissal, Plaintiff remains obligated to pay the full filing fee of $405.00 for this action.  28 U.S.C. § 1915(b)(1).  The agency having custody of the plaintiff is directed to remit the $405.00 filing fee from his prison trust fund account if such funds are available. If he does not have $405.00 in his account, the agency must send an initial payment of 20% of the current balance or the average balance during the past six months, whichever amount is higher. Thereafter, the agency shall begin forwarding monthly payments of 20% of the preceding month's income credited to Plaintiff's trust fund account (including all deposits to the inmate account from any source) until the statutory fee of $405.00 is paid in its entirety. The agency having custody of Plaintiff shall forward payments from Plaintiff's account to the Clerk of Court each time the Plaintiff's account exceeds $10.00 until the $405.00 filing fee is paid. Payments shall be mailed to: Clerk of the Court, United States District Court for the Southern District of Illinois. The Clerk is **DIRECTED** to mail a copy of this Order to the Trust Fund Officer at Lawrence Correctional Center.

**IT IS SO ORDERED.**

Dated: June 15, 2026

DAVID W. DUGAN
United States District Judge